**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: ) | |
| ANIQUASEA MARIE HARDING, ) | Case No. 25-13261-SAH |
|             Debtor ) | Chapter 7 |
| ) | |
| IAN'S ENTERPRISE, LLC ) | |
| ) | |
|             Plaintiff, ) | |
| vs. ) | Adv. Pro. _____ |
| ) | |
| ANIQUASEA MARIE HARDING, ) | |
| ) | |
|             Defendant. ) | |

## **COMPLAINT**

COMES NOW, Plaintiff, Ian's Enterprise, LLC ("Plaintiff"), for its cause of action against Defendant, Aniquasea Marie Harding ("Defendant"), states as follows:

1. Plaintiff is an Oklahoma limited liability company doing business in Oklahoma County, Oklahoma. Plaintiff is registered to do business in the State of Oklahoma.

2. Debtor, Aniquasea Marie Harding, resides in Yukon, Canadian County, Oklahoma.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

4. Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

5. Pursuant to F. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders or judgment by the Court on any issue in this adversary proceeding.

6. On or about 2017, Defendant entered into a lease agreement with Radar Realty (the "Lease Agreement") to lease certain real property located at 2220 NW 113th Pl, Oklahoma City, OK 73120.

7. Pursuant to the Lease Agreement, Radar Realty was the landlord and Defendant was the tenant.

8. Pursuant to the terms of the Lease Agreement, Defendant agreed to pay certain rentals to Plaintiff for the use and occupancy of the Premises.

9. Defendant defaulted on the Lease Agreement and moved out of the property, leaving $6,850 in damages, rent arrears, lost rent and or fees.

10. On April 12, 2017, Defendant executed and delivered a written promissory note to Radar Realty (the "Note"). Pursuant to the terms of the Note, Defendant agreed to pay the principal sum of $6,850 for breach damages to the property located at 2220 NW 113th Pl, Oklahoma City, OK 73120.

11. At the time of executing the Note, Defendant represented, expressly or impliedly, an intent and ability to repay the debt in accordance with its terms.

12. Defendant defaulted under the terms of the Note, making zero payments, despite having the ability or opportunity to do so.

13. On December 20, 2017, the Note was assigned to Plaintiff.

14. Despite the assignment and notice thereof, Defendant failed to make any payments.

15. On October 7, 2021, Plaintiff filed a lawsuit against Defendant for failure to pay the sums due pursuant to the Note, styled as *Ian's Enterprise, LLC v. Aniquasea Harding*, *Case No. CS-2021-6559,* Oklahoma County, State of Oklahoma (the "*State Court Case*").

16. On January 14, 2022, Defendant was personally served the *State Court Case* petition and summons with exhibits by private process server at Defendant's then employer, Copart.

17. Despite being regularly and gainfully employed, Defendant failed to voluntarily pay on the Note or *State Court Case* judgment, even after having had many years to pay.

18. On November, 1, 2022, Plaintiff obtained a judgment against Defendant in the *State Court Case* in the amount of $6,850 for the unpaid Note, plus $685 for attorney, $561.64 for costs and $3,582.22 for through July 6, 2022 (at 8% from April 11, 2017), less $432.22 for interest over the jurisdictional limit of that court, plus further prejudgment interest until the date judgment was rendered, along with post-judgment interest, attorney fees (as allowed by state statute) and costs thereafter accruing.

19. Plaintiff enforced the *State Court Case* judgment through garnishment proceedings and Defendant still failed to pay voluntarily.

20. On October 21, 2025, Defendant filed a pro se voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court, Case No. 26-13261, scheduling the *State Court Case* judgment debt owed to Plaintiff for discharge.

21. As of October 21, 2025, the date that Defendant filed for Chapter 7 Bankruptcy, the balance due and owing on the *State Court Case* judgment obtained by Plaintiff against Defendant is: $11,441.61 plus costs and interest accruing thereafter at the contractual rate of 8% from October 21, 2025 until paid.

22. The lack of any payments on the Note, from inception through judgment evidences that Defendant had no intention to repay at the time of execution, rendering the representation fraudulent.

23. This conduct is part of a broader pattern of fraudulent behavior by Defendant.

24. Prior to Plaintiff filing the *State Court Case*, Plaintiff filed two forcible entry and detainer actions against Defendant arising from a prior lease agreement in the cases styled as *Ian's Enterprise, LLC v. Aniquasea Harding et al,* Case No. SC-2014-15363, and *Ian's Enterprise, LLC v. Aniquasea Harding et al,* Case No. SC-2014-11595.

25. Similar to the facts in the *State Court Case*, Defendant defaulted on lease agreements, signed a promissory note on June 29, 2014, then filed bankruptcy.

26. Defendant filed a Chapter 7 bankruptcy case 15-14134 on October 28, 2015.

27. The Oklahoma Employment Security Commission ("OESC") v. Defendant Harding adversary proceeding case 16-01017 was filed January 29, 2016 ("OESC AP").

28. Within the OESC AP case, the allegations were that:

    a. Defendant [Harding] is an individual who filed one or more claims with the [OESC] for unemployment insurance benefits payable to individuals who qualify for said benefits pursuant to the Act. Based on the claims filed, Defendant received benefits in the form of payment of money.

    b. Defendant filed claims for benefits during the weeks ending February 1, 2014 through March 1, 2014 certifying for one or more such weeks Defendant was unemployed, available for work, and eligible to receive benefits.

    c. A subsequent report by the [OESC] disclosed that Defendant failed to disclose material facts which would have made Defendant ineligible to receive the money paid to and accepted by Defendant.

    d. Defendant was employed by and received wages from Global Life Insurance Company, during the compensable weeks ending February 1, 2014 through March 1, 2014.

    e. [OESC] seeks to have this debt declared nondischargable as a debt for money to the extent obtained by false pretense, false representation or actual fraud (U.S.C. Sec. 523(a)(2)(A)).

29. On August 25, 2016, the OESC was granted judgment against Defendant for $1,815 plus costs and interest, all of which was excepted from discharge due to the false representations Defendant had made to the OESC regarding unemployment insurance benefits, pursuant to 11 U.S.C. § 523(a)(2)(A).

30. Defendant strategically waited the minimum required period of eight (8) years before filing the current bankruptcy, indicating intent and a calculated use of the bankruptcy system to avoid repayment.

31. Public records from OSCN.net reveal approximately nineteen (19) cases filed against Defendant, with at least six (6) of those cases appearing to be forcible entry and detainer cases filed by landlords.

32. Under the totality of circumstances, including total nonrepayment without garnishment, repeated similar conduct, false representations against the OESC to commit unemployment insurance fraud, prior successful adversary proceeding for nondischargeable sums, strategic bankruptcy timing, and extensive history of defaults and judgments, Defendant's execution of the Note was done with fraudulent intent, lacking any genuine intent to repay.

33. Plaintiff justifiably relied on Defendant's representations in accepting the Note (or assignment).

34. As a result of Defendant's false pretenses, representations and or fraudulent conduct, Plaintiff has suffered damages in the amount of the unpaid *State Court Case* judgment, plus accrued and accruing costs and interest.

**FIRST CAUSE OF ACTION – 11 U.S.C. § 523(a)(2)(A)**

For Plaintiff's first cause of action against Defendant, Plaintiff realleges all facts and allegations set forth above and further states:

35. The debt owed to Plaintiff arises from money, property, or an extension of credit obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtor's financial condition.

36. Specifically, Defendant's promise to repay under the Note was a false representation made with knowledge of its falsity or reckless disregard for the truth, and with intent to deceive Plaintiff (or the assignor).

37. Plaintiff justifiably relied on this representation in accepting the Note.

38. This fraud caused Plaintiff's loss.

39. Therefore, the debt owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ian's Enterprise, LLC, requests the Court except from discharge, Plaintiff's judgment for indebtedness against Defendant, entered on November 1, 2022 in case CS-2021-6559 filed in the District Court of Oklahoma County, for the State of Oklahoma, now with a balance of $11,441.61 plus accrued and accruing costs, attorney fees and interest from October 21, 2025 until paid, as nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and for such other relief as the Court deems equitable.

###

Respectfully Submitted,

/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR PLAINTIFF**

Approved by:

_____
Ian's Enterprise, LLC